The Connecticut River Banking Co. *a.* Voorhies.

----

THE CONNECTICUT RIVER BANKING CO., *a.* VOORHIES.

*Supreme Court ; Brooklyn Special Term, September*, 1856.

ALLOWANCE.—COSTS IN EQUITY SUITS.—TENDER.

Tender of principal, interest and costs, in a foreclosure case, before hearing, does not defeat the plaintiff's right to an allowance.

Motion for an allowance.

----

*J. W. Gilbert,* for the motion.

*William Bliss,* opposed.

BIRDSEYE, J.—The plaintiffs move for an additional allowance, under sections 308 and 309 of the Code. The action is brought to foreclose a mortgage for eleven thousand dollars. There are five defendants. The action has been pending for several months. The cause was in readiness for hearing, as to all the defendants, and was noticed for the present term, when on the 29th of August last the defendants tendered to plaintiffs the debt and interest, and the specific costs to which they are by law entitled. But they refused to pay any allowance, and now insist that such tender is a sufficient answer to this application.

I do not find reported any case in this district upon this point. But it has been settled in the first district, in the case of The New York Fire Marine Insurance Company *v.* Burrell, (9 *How. Pr. R.,* 398). I fully concur in the reasoning of the learned judge who decided that case. The practice of making a tender to the plaintiff or his attorney, in order to avoid the costs of further litigation, was a new one, introduced by 2 Revised Statutes, 553, § 20–24. It was carefully restricted to actions at law, and to certain classes only of those actions. If the action was for a trespass or injury, the tender could be made only when the trespass or injury was casual or involuntary. If the action was for the recovery of money, the tender was allowed only when the sum to be recovered was certain or might be reduced to certainty by calculation. Prior to the Code, there was nothing either in the language or the spirit of the statute applicable to a case like the present. The costs in equity were within the sound discretion of the court. That discretion, however, was guided by well-settled rules, which secured to the plaintiff in such a case as this the costs to which he had been put by the default of the defendant in meeting his obligations. I can see nothing in the Code which requires or justifies the application of the statutory provisions on the subject of a tender to an action for the foreclosure of a mortgage. Even if it could be successfully contended that the

abolition of the distinction between legal and equitable reme-dies, had converted the suit to foreclose a mortgage into a new " action at law," within the statute above cited, (and no such position was contended for on the argument), still the rules as to a tender introduced by the Revised Statutes would not be applicable to it.   In such an action the plaintiff asks for and obtains much more than the recovery of a sum certain, or which may be reduced to certainty by calculation.   The judg-ment can never be taken without special application to the court, and in no class of actions is the interposition of the court more frequently or imperatively called for, to protect the rights of parties, or to provide and adjust special relief for the varied circumstances and conflicting equities of litigants. It is abundantly settled now that the allowance when given is for the plaintiff's expenses throughout the whole action ; the earlier as well as the later stages ; in commencing it, as well as in recovering the judgment. (McQuade *v.* N. Y. & E. R. R. Co., 11 *How. Pr. R.*, 434).

It needs no more than the mere statement of this case, to show that almost the whole of the plaintiff's expenses were incurred in ascertaining who were the proper parties to be joined as defendants, and in bringing them regularly before the court, so that a perfect title would be obtained upon the sale.   Having compelled the plaintiff to incur those expenses, it needs something more than the doubtful argument drawn from the spirit of a statute not in terms applicable to the sub-ject, to enable the defendant, by a tender on the eve of a judg-ment, to throw those expenses upon the other party and exon-erate himself.

The motion for an allowance must be granted.